IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDY GIL,

    Petitioner,

v.

WARDEN, FCI CUMBERLAND,

    Respondent.

Civil Action No.: GLR-18-2322

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Edy Gil's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). The Petition is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons set forth below, the the Court will dismiss the Petition.

## I.    BACKGROUND

On March 20, 1998, Gil was convicted in the Superior Court for the District of Columbia of possession of a firearm during a crime of violence, second degree murder while armed, and carrying a pistol without a license. (Resp. Show Cause Order Pet. ["Resp."] Ex. 1 ["Sentence Data"] at 1, ECF No. 7-1). Gil was sentenced to twenty-three to sixty-nine years of imprisonment with a projected release date of December 10, 2064. (Id.). He became eligible for parole on December 11, 2018. (Id. at 2).

On March 28, 2018, Gil applied to the United States Parole Commission ("USPC") for a parole hearing. (Resp. Ex. 2 ["Parole Records"] at 2–3, ECF No. 7-2). USPC's Prehearing Assessment noted that Gil was eighteen years old when he fatally shot the

victim, that he had no prior criminal history or disciplinary infractions while incarcerated, and that he had availed himself of prison programs. (Id. at 4–6). The prehearing assessor noted that, although the autopsy report established that the victim was shot once on both sides of the head, Gil nonetheless maintained that the firearm discharged one time as he was attempting to disarm the victim. (Id. at 3, 7). According to the 1987 District of Columbia Board of Parole Guidelines, Gil's "final grid score" was a one, indicating that parole could be granted with the highest level of supervision required. (Id. at 5–6). However, Gil was subject to deportation to Guatemala upon his release from custody. (Id. at 6).

At the June 12, 2018 parole hearing, the examiner noted that Gil learned English as a second language, was making satisfactory progress toward obtaining his GED, and had been working in UNICOR for five years with "outstanding" evaluations. (Parole Records at 8). However, Gil continued to assert that the firearm was discharged once in self-defense, even after being confronted with contradictory forensic evidence. (Id. at 7). Gil told the hearing examiner that he was young when the crime occurred, that "things happen," and that he felt he was "paying for something he didn't do." (Id. at 8).

The hearing examiner issued a report on June 18, 2018 recommending that Gil remain incarcerated "beyond the ordinary 12-month rehearing guideline" because there was a "reasonable probability" that he would "not obey the law if released" and his release posed a danger to public safety. (Parole Records at 8). In support thereof, the hearing examiner pointed to Gil's failure to (1) take responsibility for the murder; (2) participate in "any significant or meaningful programming addressing the underlying causes of [his]

criminal behavior" or risk of reoffending; and (3) complete his GED, which contributed to Gil's unemployability and increased the likelihood that he would resort to criminal conduct to support himself. (Id. at 8–9). The hearing examiner noted that although Gil faced deportation upon release, USPC was obligated to make decisions "in the interest of public safety," which included the international community. (Id. at 9).

On July 10, 2018, USPC issued a decision denying Gil's release on parole and scheduling his reconsideration hearing in June 2021. (Mem. Facts Law Supp. 28 USC § 2241 Habeas Corpus ["Mem. Supp. Pet."] Ex. 1 ["USPC Decision"], ECF No. 1-1). USPC adopted the hearing examiner's reasoning, finding that Gil was a more serious risk than his point score revealed because he posed a danger to the community and there was a "reasonable probability" that he would not obey the law if released. (Id.). USPC determined that Gil needed additional programming to ensure that he would not reoffend when released. (Id.). USPC also found that Gil's failure to obtain his GED decreased his employability and increased the likelihood that he would engage in criminal behavior. (Id.). USPC ultimately concluded that Gil required additional time in custody, "beyond the ordinary 12-month rehearing guideline . . . to provide sufficient time for [him] to accomplish the programming goals identified." (Id.).

On July 27, 2018, Gil filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release and deportation, parole reconsideration in twelve months,

and a declaration that District of Columbia parole procedures are unconstitutional.[1] (ECF No. 1). Respondent Warden filed a Response on December 7, 2018. (ECF No. 7). Gil filed a Reply on December 19, 2018. (ECF No. 8).

## II.    DISCUSSION

### A.    Due Process Claims

To be entitled to habeas relief, a petition filed pursuant to § 2241 must be filed by a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

First, Gil argues that USPC violated his right to due process by denying him parole in the absence of "unusual or exceptional circumstances" justifying his continued incarceration. (Mem. Supp. Pet. at 3). This claim fails. A Fourteenth Amendment Due Process claim must identify a protected liberty interest. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). However, it is well-established that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Id.; see also Jago v. Van Curen, 454 U.S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). Because Gil does not have a constitutionally protected right to parole, he cannot sustain a § 2241 claim based upon USPC's decision to deny his parole request. Thus, the Court will deny and dismiss this claim.

---

[1] Gil's Petition also included a request for counsel. (Pet. at 7, ECF No. 1). The Court issued an Order on October 9, 2018 declining to appoint counsel. (See Oct. 9, 2018 Order, ECF No. 5).

Second, Gil argues that USPC violated his right to due process by scheduling his reconsideration hearing beyond twelve months. This claim is equally unavailing. It is "axiomatic that because . . . prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997); see also Morgan v. D.C., 618 F.Supp. 754, 756 (D.D.C. 1985) (decision by USPC to disregard a rehearing date set by the D.C. Board of Parole is within its discretion after prisoner is transferred to its authority). Even if Gil could challenge USPC's review process, USPC is not obligated to conduct reconsideration hearings within twelve months. See Lumpkin v. United States Parole Comm'n, No. CV RDB-15-2541, 2016 WL 6069491, at *3 (D.Md. Oct. 13, 2016) (citing 28 D.C.M.R. §§ 104.2, 104.11). Although USPC typically reviews parole denials annually, it may depart from the annual rehearing guideline and set a reconsideration hearing at a time it deems appropriate. Id. Because there is no right to an annual parole hearing, the procedural Due Process claim presented here lacks merit. See Brandon v. D.C. Bd. of Parole, 823 F.2d 644 (D.C.Cir. 1987). Accordingly, Gil's claim will be denied and dismissed.

**B.**      **Equal Protection Claim**

Gil argues that USPC acted arbitrarily and discriminatorily by denying him parole even though he had "no qualifying negative factors" and by scheduling his reconsideration hearing three years from the date of denial. (Mem. Supp. Pet. at 11). Gil has failed to allege facts establishing an equal protection violation.

The Equal Protection Clause generally requires the government to treat similarly situated people alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). To establish an equal protection claim, an inmate "must first demonstrate 'that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). He must next show that the policy is not "reasonably related to [any] legitimate penological interests." Veney, 293 F.3d at 732 (quoting Shaw v. Murphy, 532 U.S. 223, 225 (2001)).

Gil does not state facts supporting these elements. Aside from generally alleging his right to equal protection was denied, the Petition fails to specify how similarly situated inmates were treated differently than Gil. Moreover, USPC's decision to deny Gil's parole request was reasonably related to a legitimate penological interest—protecting the "welfare of society." See D.C. Code § 24-404(a) (stating that parole may be granted if there "is a reasonable probability that a prisoner will live and remain at liberty without violating the law, [and] that his or her release is not incompatible with the welfare of society"). USPC's decision was based upon its assessment that Gil was unlikely to be law abiding upon release and that he posed a safety threat to the community because he required additional programming addressing his risk of reoffending and time to complete his GED. Based on the foregoing, the Court will deny and dismiss Gil's equal protection claim.

C.      **Constitutional Challenges**

Gil first challenges the constitutionality of USPC's review process because USPC uses "Federal Parole Criteria," while other state prisoners who are in federal facilities "retain their state parole rights." (Mem. Supp. Pet. at 10). Gil concludes that "application of these Federal Parole guidelines often results in longer prison terms for D.C. offenders." (Id.). The Court is not persuaded by this argument. USPC is authorized to conduct D.C. prisoners' parole review pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-131(a). By law, USPC is required to apply D.C. Board of Parole 1987 guidelines. See 28 C.F.R. § 2.80(o). USPC applied those guidelines to Gil's case. To the extent Gil disagrees with the resulting decision, his disagreement does not invoke a constitutional concern. See Ellis v. D.C., 84 F.3d 1413, 1420 (D.C.Cir. 1996) (a prisoner is not entitled to early release on parole even when prerequisites for release are met). Thus, the Court will deny and dismiss this claim.

Next, Gil argues that USPC's review process is unconstitutional because it does not offer an administrative appeals process. However, as this Court has previously held, USPC is "required by law to apply the District of Columbia parole scheme which does not include a right to an administrative appeal of parole denials." Ibrahim v. United States Parole Bd. Members, 2004 WL 5264323, at *5 (D.Md. June 10, 2004). Thus, Gil's constitutional challenge fails, and the Court will dismiss this claim.

**D.**     **Deportation Claim**

Finally, Gil asserts that denial of parole is a miscarriage of justice, because he is subject to deportation upon release. This claim fails for two reasons. First, parole is granted at the discretion of USPC and is not mandated where, as here, the inmate may be deported upon release. See Foster v. Coakley, No. CIV.A. CCB-10-961, 2010 WL 3446874, at *2 (D.Md. Aug. 31, 2010), aff'd, 426 F.App'x 204 (4th Cir. 2011) (reiterating that "even if a prisoner established everything the statute required, the Board of Parole still had discretion to deny parole") (internal quotations and citations omitted). Second, USPC's decision was based on its assessment that Gil posed a danger to the community, irrespective of whether Gil lived in the United States or elsewhere. Accordingly, this claim will be denied and dismissed.

## III.     CONCLUSION

For the foregoing reasons, the Court will dismiss Gil's Petition for Writ of Habeas Corpus (ECF No. 1). A separate Order follows.

Entered this 6th day of May, 2020.


_____/s/_____
George L. Russell III
United States District Judge